**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**GERMAN A. SANCHEZ,**

        Plaintiff,

  vs.                                          Civil Action
                                                        Judge
                                                        Magistrate Judge King
**NOBLE CORRECTIONAL OFFICIALS**
**(JOHN DOE'S),** *et al.*,

        Defendants.

### REPORT AND RECOMMENDATION

        Plaintiff, a state prisoner, brings this action under 42 U.S.C. §1983 seeking monetary damages in connection with the claimed denial of plaintiff's constitutional rights.  Specifically, plaintiff alleges that two corrections officers, currently unidentified, placed plaintiff in close proximity to another inmate, who then attacked plaintiff, in disregard of a separation order.

        Having performed the initial screen of the complaint required by 28 U.S.C. §§1915(e), 1915A, the Court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted because plaintiff does not allege or establish that he exhausted his administrative remedies prior to filing the action.

        The Prison Litigation Reform Act of 1996 ("PLRA") requires a prisoner to exhaust administrative remedies available to the prisoner prior to filing an action in a federal court.  42 U.S.C. §1997e(a) (2004).  The PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

>    jail, prison, or other correctional facility until
>    such administrative remedies as are available are
>    exhausted.

*Id.*

The plaintiff-prisoner bears the burden of proving that a grievance has been fully exhausted, *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002). "Exhaustion is not jurisdictional; it is mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative system would be 'futile.' *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999)." *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). The prisoner must either attach "a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) ("The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district court may intelligently decide if the issues raised can be decided on the merits.").

Grievances filed in an attempt to exhaust administrative remedies must reasonably inform prison officials of the individual subjects of the grievance so that those officials are given the opportunity to address the claims before suit is brought in federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Walton v. Bouchard*, 136 Fed. Appx. 846, 849 (6th Cir. 2005). The purpose of the "exhaustion requirement is to provide states the first opportunity to resolve problems themselves." *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003).

In Ohio, a three-step grievance procedure is available to inmates. An inmate initiates the grievance procedure by filing an

Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. Ohio Admin. Code. § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. *Id.*, § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. *Id.*, § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden and Institutional Inspector must be filed directly to the Office of the Chief Inspector. *Id.*, § 5120-9-31(L). The decision of the Chief Inspector or designee is final. *Id.*, § 5120-9-31(L).

Plaintiff does not even allege that he exhausted his administrative remedies.

It is therefore **RECOMMENDED** that the action be dismissed under 28 U.S.C. §§1915(e), 1915A, without prejudice for failure to exhaust administrative remedies.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de*

*novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


June 6, 2006                                         *s/Norah McCann King*
                                                  Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge